UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JEREMIAH HEYD,

       Plaintiff,                                     Hon. Robert J. Jonker

v.                                                Case No. 1:13-CV-628

COMMISSIONER OF SOCIAL
SECURITY,

       Defendant.
_____/

## REPORT AND RECOMMENDATION

This is an action pursuant to Section 205(g) of the Social Security Act, 42 U.S.C. § 405(g), to review a final decision of the Commissioner of Social Security denying Plaintiff's claim for Disability Insurance Benefits (DIB) under Title II of the Social Security Act. Section 405(g) limits the Court to a review of the administrative record, and provides that if the Commissioner's decision is supported by substantial evidence, it shall be conclusive. Pursuant to 28 U.S.C. § 636(b)(1)(B), authorizing United States Magistrate Judges to submit proposed findings of fact and recommendations for disposition of social security appeals, the undersigned recommends that the Commissioner's decision be **affirmed**.

## STANDARD OF REVIEW

The Court's jurisdiction is confined to a review of the Commissioner's decision and of the record made in the administrative hearing process. *See Willbanks v. Sec'y of Health and Human Services*, 847 F.2d 301, 303 (6th Cir. 1988). The scope of judicial review in a social security

case is limited to determining whether the Commissioner applied the proper legal standards in making her decision and whether there exists in the record substantial evidence supporting that decision. *See Brainard v. Sec'y of Health and Human Services*, 889 F.2d 679, 681 (6th Cir. 1989).

The Court may not conduct a de novo review of the case, resolve evidentiary conflicts, or decide questions of credibility. *See Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984). It is the Commissioner who is charged with finding the facts relevant to an application for disability benefits, and her findings are conclusive provided they are supported by substantial evidence. *See* 42 U.S.C. § 405(g). Substantial evidence is more than a scintilla, but less than a preponderance. *See Cohen v. Sec'y of Dep't of Health and Human Services*, 964 F.2d 524, 528 (6th Cir. 1992) (citations omitted). It is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *See Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Bogle v. Sullivan*, 998 F.2d 342, 347 (6th Cir. 1993). In determining the substantiality of the evidence, the Court must consider the evidence on the record as a whole and take into account whatever in the record fairly detracts from its weight. *See Richardson v. Sec'y of Health and Human Services*, 735 F.2d 962, 963 (6th Cir. 1984).

As has been widely recognized, the substantial evidence standard presupposes the existence of a zone within which the decision maker can properly rule either way, without judicial interference. *See Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986) (citation omitted). This standard affords to the administrative decision maker considerable latitude, and indicates that a decision supported by substantial evidence will not be reversed simply because the evidence would have supported a contrary decision. *See Bogle*, 998 F.2d at 347; *Mullen*, 800 F.2d at 545.

## PROCEDURAL POSTURE

Plaintiff was 35 years of age on his alleged disability onset date. (Tr. 125-27). He possesses a high school education and worked previously as an assembler and machine operator. (Tr. 25, 54). Plaintiff applied for benefits on October 26, 2010, alleging that he had been disabled since August 15, 2010, due to a back injury. (Tr. 125-32, 144). Plaintiff's application was denied, after which time he requested a hearing before an Administrative Law Judge (ALJ). (Tr. 81-124). On February 7, 2012, Plaintiff appeared before ALJ Craig Petersen with testimony being offered by Plaintiff and a vocational expert. (Tr. 31-80). In a written decision dated March 28, 2012, the ALJ determined that Plaintiff was not disabled. (Tr. 18-26). The Appeals Council declined to review the ALJ's determination, rendering it the Commissioner's final decision in the matter. (Tr. 1-5). Plaintiff subsequently initiated this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of the ALJ's decision.

## RELEVANT MEDICAL HISTORY

On June 13, 2006, Plaintiff "fell at work" injuring his back. (Tr. 248-273). On June 23, 2006, Plaintiff participated in an MRI examination of his lumbar spine the results of which revealed "focal disc degeneration at the L4-5 level complicated by a left paracentral and left lateral disc hernia creating left foraminal and left lateral recessed compromise." (Tr. 265-66). Plaintiff's injury did not respond well to conservative treatment and on July 27, 2006 Plaintiff underwent left L4-5 lumbar microdiscectomy surgery performed by Dr. J. Eric Zimmerman. (Tr. 235-36, 244).

Treatment notes dated September 29, 2006, indicate that Plaintiff "is doing well." (Tr. 231). Dr. Zimmerman reported that Plaintiff could return to work subject to the following

limitations: (1) no lifting more than 10 pounds and (2) he requires a sit-stand option. (Tr. 231). Treatment notes dated October 30, 2006, indicate that Plaintiff was "continuing to do well." (Tr. 230). Dr. Zimmerman reported that Plaintiff could continue working subject to the aforementioned limitations. (Tr. 230). On January 10, 2007, Dr. Zimmerman increased Plaintiff's work restrictions. (Tr. 285). Specifically, the doctor reported that Plaintiff could work subject to the following limitations: (1) no excessive stooping or bending and (2) no lifting more than 25 pounds. (Tr. 285). Treatment notes dated January 29, 2007 indicate that Plaintiff "has been working more than 5 days a week." (Tr. 283).

On January 31, 2007, Dr. Zimmerman reported that Plaintiff could work subject to the following limitations: (1) no lifting more than 25 pounds and (2) Plaintiff is limited to working eight hours per day five days a week. (Tr. 282). On February 14, 2007, Dr. Zimmerman reported that Plaintiff "has reached the maximum benefit of medical treatment for his injury" and "is released indefinitely with a 25 lb. lifting limit, 8 hours a day, 5 days a week." (Tr. 277). The doctor further reported that "if he can avoid reinjury, if he continues his exercises absolutely faithfully, he will almost certainly improve over the next 6-18 months." (Tr. 277).

On March 15, 2007, Plaintiff was examined by Dr. Helen Kiomento. (Tr. 320-21). The doctor agreed with the limitations imposed on Plaintiff by Dr. Zimmerman noting that "within these limitations, he is comfortable and it is likely he will not reinjure himself." (Tr. 320). The doctor also instructed Plaintiff to "continue the exercises at home and be reevaluated periodically to determine if the weight limit can be increased." (Tr. 320).

On April 2, 2011, Plaintiff participated in a consultive examination conducted by Dr. Michael Simpson. (Tr. 474-76). Plaintiff reported that he was unable to work due to lower back

4

pain for which he takes only over the counter medication. (Tr. 474). Plaintiff reported that "he can only stand or walk for half an hour to an hour" and "has difficulty doing laundry, dishes, vacuuming and bicycling." (Tr. 474). A musculoskeletal examination revealed the following:

> There is no joint instability, enlargement, or effusion. Grip strength remains intact. Dexterity is unimpaired. The patient could pick up a coin, button clothing, and open a door. The patient had no difficulty getting on and off the examination table, no difficulty heel and toe walking and mild difficulty squatting.

(Tr. 475). A neurological examination revealed the following:

> Motor strength and function are normal. Sensory function remains intact. There is no shoulder girdle atrophy or spasm. Romberg testing[1] is negative.

(Tr. 476). The doctor concluded that there was no evidence that Plaintiff was experiencing nerve root impingement. (Tr. 476).

On February 22, 2012, Plaintiff participated in an MRI examination of him lumbar spine the results of which revealed:

> 1. Small focal central disc herniation L4-L5 flattening the ventral thecal sac, not significantly affecting exiting nerve roots or causing spinal stenosis.
> 2. Epidural fibrotic change along the ventral left aspect of the thecal sac L4-5 level and partially affecting the left L5 nerve root.
> 3. Remainder of the study demonstrates very slight degree of degenerative disc disease and disc bulging. Disc bulging primarily at L5-S1 where it slightly flattens the thecal sac but also does not affect nerve roots or cause spinal stenosis.

(Tr. 533-34).

---

[1] Romberg test is a neurological test designed to detect poor balance. *See* Romberg Test, available at http://www.mult-sclerosis.org/RombergTest.html (last visited on June 2, 2014). The patient stands with his feet together and eyes closed. The examiner will then push him slightly to determine whether he is able to compensate and regain his posture. *Id.*

## ANALYSIS OF THE ALJ'S DECISION

The social security regulations articulate a five-step sequential process for evaluating disability. *See* 20 C.F.R. §§ 404.1520(a-f), 416.920(a-f).[2] If the Commissioner can make a dispositive finding at any point in the review, no further finding is required. *See* 20 C.F.R. §§ 404.1520(a), 416.920(a). The regulations also provide that if a claimant suffers from a nonexertional impairment as well as an exertional impairment, both are considered in determining her residual functional capacity. *See* 20 C.F.R. §§ 404.1545, 416.945.

The burden of establishing the right to benefits rests squarely on Plaintiff's shoulders, and he can satisfy his burden by demonstrating that his impairments are so severe that he is unable to perform his previous work, and cannot, considering his age, education, and work experience, perform any other substantial gainful employment existing in significant numbers in the national economy. *See* 42 U.S.C. § 423(d)(2)(A); *Cohen*, 964 F.2d at 528. While the burden of proof shifts to the Commissioner at step five of the sequential evaluation process, Plaintiff bears the burden of proof through step four of the procedure, the point at which his residual functioning capacity (RFC) is determined. *See Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987); *Walters v. Comm'r of Soc. Sec.*,

---

[2] 1. An individual who is working and engaging in substantial gainful activity will not be found to be "disabled" regardless of medical findings (20 C.F.R. 404.1520(b));

2. An individual who does not have a "severe impairment" will not be found "disabled" (20 C.F.R. 404.1520(c));

3. If an individual is not working and is suffering from a severe impairment which meets the duration requirement and which "meets or equals" a listed impairment in Appendix 1 of Subpart P of Regulations No. 4, a finding of "disabled" will be made without consideration of vocational factors (20 C.F.R. 404.1520(d));

4. If an individual is capable of performing work he or she has done in the past, a finding of "not disabled" must be made (20 C.F.R. 404.1520(e));

5. If an individual's impairment is so severe as to preclude the performance of past work, other factors including age, education, past work experience, and residual functional capacity must be considered to determine if other work can be performed (20 C.F.R. 404.1520(f)).

127 F.3d 525, 528 (6th Cir. 1997) (ALJ determines RFC at step four, at which point claimant bears the burden of proof).

The ALJ determined that Plaintiff suffers from: (1) lumbar spine pain status post microdiscectomy; and (2) depression, severe impairments that whether considered alone or in combination with other impairments, failed to satisfy the requirements of any impairment identified in the Listing of Impairments detailed in 20 C.F.R., Part 404, Subpart P, Appendix 1.  (Tr. 20-22).

The ALJ next determined that Plaintiff retained the capacity to perform light work subject to the following limitations: (1) he can lift/carry 20 pounds occasionally and 10 pounds frequently; (2) he can occasionally push/pull up to 10 pounds with his upper extremities; (3) he cannot lift from the ground/floor level to waist level; (4) he has no manipulative limitations; (5) he can stand/walk up to 6 hours during an 8-hour workday with normal breaks; (6) he can sit up to 6 hours during an 8-hour workday with normal breaks; (7) he must have the option to sit or stand at will; (8) he can occasionally climb ramps and stairs, but can never climb ladders, ropes, or scaffolds; (9) he can occasionally kneel, stoop (i.e., bend/twist at the waist), crouch, and crawl; (10) he must avoids hazards such as unprotected heights and dangerous machinery; (11) he has no visual or communicative limitations; (12) he can perform simple, routine, repetitive tasks; and (13) he has no social deficits.  (Tr. 22).

The ALJ determined that Plaintiff could not perform his past relevant work, at which point the burden of proof shifted to the Commissioner to establish by substantial evidence that a significant number of jobs exist in the national economy which Plaintiff could perform, his limitations notwithstanding.  *See Richardson*, 735 F.2d at 964.  While the ALJ is not required to question a vocational expert on this issue, "a finding supported by substantial evidence that a

claimant has the vocational qualifications to perform <u>specific</u> jobs" is needed to meet the burden. *O'Banner v. Sec'y of Health and Human Services*, 587 F.2d 321, 323 (6th Cir. 1978) (emphasis added). This standard requires more than mere intuition or conjecture by the ALJ that the claimant can perform specific jobs in the national economy. *See Richardson*, 735 F.2d at 964. Accordingly, ALJs routinely question vocational experts in an attempt to determine whether there exist a significant number of jobs which a particular claimant can perform, his limitations notwithstanding. Such was the case here, as the ALJ questioned a vocational expert.

The vocational expert testified that there existed in the state of Michigan approximately 6,000 jobs which an individual with Plaintiff's RFC could perform, such limitations notwithstanding. (Tr. 74-77). This represents a significant number of jobs. *See Born v. Sec'y of Health and Human Services*, 923 F.2d 1168, 1174 (6th Cir. 1990); *Hall v. Bowen*, 837 F.2d 272, 274 (6th Cir. 1988); *Martin v. Commissioner of Social Security*, 170 Fed. Appx. 369, 374 (6th Cir., Mar. 1, 2006). The ALJ concluded, therefore, that Plaintiff was not entitled to disability benefits.

**I.      The ALJ's Credibility Assessment is Supported by Substantial Evidence**

At the administrative hearing, Plaintiff testified that he was unable to work because he "would have to take several breaks [during the workday] and be able to lay down." (Tr. 61). Plaintiff also testified that he experiences suicidal thoughts. (Tr. 67). The ALJ found that Plaintiff was not entirely credible. Plaintiff argues that he is entitled to relief because the ALJ improperly rejected his subjective allegations that his impairments prevent him from performing substantial gainful activity.

As the Sixth Circuit has long recognized, "pain alone, if the result of a medical impairment, *may* be severe enough to constitute disability." *King v. Heckler*, 742 F.2d 968, 974 (6th Cir. 1984) (emphasis added); *see also*, *Grecol v. Halter*, 46 Fed. Appx. 773, 775 (6th Cir., Aug. 29, 2002) (same). As the relevant Social Security regulations make clear, however, a claimant's "statements about [his] pain or other symptoms will not alone establish that [he is] disabled." 20 C.F.R. § 404.1529(a); *see also*, *Walters v. Commissioner of Social Security*, 127 F.3d 525, 531 (6th Cir. 1997) (quoting 20 C.F.R. § 404.1529(a)) *Hash v. Commissioner of Social Security*, 309 Fed. Appx. 981, 989 (6th Cir., Feb. 10, 2009). Instead, as the Sixth Circuit has established, a claimant's assertions of disabling pain and limitation are evaluated pursuant to the following standard:

> First, we examine whether there is objective medical evidence of an underlying medical condition. If there is, we then examine: (1) whether objective medical evidence confirms the severity of the alleged pain arising from the condition; or (2) whether the objectively established medical condition is of such a severity that it can reasonably be expected to produce the alleged disabling pain.

*Walters*, 127 F.3d at 531 (citations omitted). This standard is often referred to as the *Duncan* standard. *See Workman v. Commissioner of Social Security*, 105 Fed. Appx. 794, 801 (6th Cir., July 29, 2004).

Accordingly, as the Sixth Circuit has repeatedly held, "subjective complaints may support a finding of disability only where objective medical evidence confirms the severity of the alleged symptoms." *Id.* (citing *Blankenship v. Bowen*, 874 F.2d 1116, 1123 (6th Cir. 1989)). However, where the objective medical evidence fails to confirm the severity of a claimant's subjective allegations, the ALJ "has the power and discretion to weigh all of the evidence and to

resolve the significant conflicts in the administrative record." *Workman*, 105 Fed. Appx. at 801 (citing *Walters*, 127 F.3d at 531).

In this respect, it is recognized that the ALJ's credibility assessment "must be accorded great weight and deference." *Workman*, 105 Fed. Appx. at 801 (citing *Walters*, 127 F.3d at 531); *see also*, *Heston v. Commissioner of Social Security*, 245 F.3d 528, 536 (6th Cir. 2001) ("[i]t is for the [Commissioner] and his examiner, as the fact-finders, to pass upon the credibility of the witnesses and weigh and evaluate their testimony"). It is not for this Court to reevaluate such evidence anew, and so long as the ALJ's determination is supported by substantial evidence, it must stand. The ALJ found Plaintiff's subjective allegations to not be fully credible, a finding that should not be lightly disregarded. *See Varley v. Sec'y of Health and Human Services*, 820 F.2d 777, 780 (6th Cir. 1987). In fact, as the Sixth Circuit recently stated, "[w]e have held that an administrative law judge's credibility findings are virtually unchallengeable." *Ritchie v. Commissioner of Social Security*, - - - Fed. Appx. - - -, 2013 WL 5496007 at *3 (6th Cir., Oct. 4, 2013) (citation omitted).

In assessing Plaintiff's credibility, the ALJ discussed at length the evidence of record. (Tr. 21-25). Specifically, the ALJ observed that Plaintiff's back surgery was successful after which he returned to full-time work. (Tr. 23). As the ALJ observed, Plaintiff did not stop working due to any impairment, but because the "company moved to Mexico." (Tr. 23, 477). The ALJ observed that Plaintiff's treating physician stated that Plaintiff could work subject to limitations which are consistent with the ALJ's RFC determination. (Tr. 23). The ALJ observed that during the time Plaintiff alleged that he was disabled he was collecting unemployment benefits which requires the recipient to certify that he is able to work. (Tr. 23). The ALJ also observed that the objective medical evidence does not support Plaintiff's subjective allegations. (Tr. 23-24). The ALJ further

observed that Plaintiff's reported activities, such as fishing, playing video games, shopping, cleaning, and caring for two young children, was inconsistent with his subjective allegations. (Tr. 24-25, 57-58, 164-69).

Plaintiff has not identified a legal deficiency in the ALJ's analysis, but instead merely argues that the ALJ should have weighed the evidence differently. However, it is the ALJ who is tasked with weighing the evidence and resolving any conflicts therein. The ALJ did that in this case and his decision complies with the relevant legal standard and is supported by substantial evidence. Accordingly, this argument is rejected.

**II.**     **Plaintiff is Not Entitled to Remand**

When he appealed the ALJ's decision to the Appeals Council, Plaintiff submitted evidence that he had not first presented to the ALJ. As Plaintiff recognizes, this Court cannot consider any evidence that was not first presented to the ALJ. *See Cline v. Commissioner of Social Security*, 96 F.3d 146, 148 (6th Cir. 1996); *Bass v. McMahon*, 499 F.3d 506, 512-13 (6th Cir. 2007). Plaintiff asserts that he is entitled to a remand of this matter so that the evidence in question can be considered. If Plaintiff can demonstrate that this evidence is new and material, and that good cause existed for not presenting it in the prior proceeding, the Court can remand the case for further proceedings during which this new evidence can be considered. *Cline*, 96 F.3d at 148. Plaintiff bears the burden of making these showings. *See Hollon ex rel. Hollon v. Commissioner of Social Security*, 447 F.3d 477, 483 (6th Cir. 2006).

The evidence in question reveals the following. On May 3, 2012, Plaintiff was examined by Dr. T.C. Schermerhorn. (Tr. 560-61). Plaintiff reported experiencing back pain which

he rated as "4 to 5 out of 10." (Tr. 560). An examination revealed that Plaintiff was "diffusely tender" to palpation of his lumbar spine and straight leg raising was positive on the left. (Tr. 560). Plaintiff exhibited 5/5 strength in his extremities, walked with a "non-antalgic" gait, and was "able to toe-and-heel walk without difficulty." (Tr. 560). The doctor reviewed Plaintiff's February 22, 2012 MRI and hypothesized, contrary to the conclusions of the doctor that originally interpreted the MRI, that Plaintiff was experiencing epidural fibrosis. (Tr. 561). The doctor opined that Plaintiff might benefit from spinal fusion surgery, but recommended against such until Plaintiff "has achieved complete nicotine abstinence." (Tr. 561). The other evidence submitted by Plaintiff indicates that he participated in three counseling sessions between the dates of February 27, 2012, and March 6, 2012. (Tr. 567-72). These treatment notes reveal nothing which is inconsistent with the ALJ's RFC deterination.

Plaintiff offers no argument as to why he was unable to treat with Dr. Schermerhorn until after the ALJ issued his decision in this matter. Plaintiff's therapy treatment notes pre-date the ALJ's decision in this matter, yet Plaintiff offers no explanation as to why he failed to submit such to the ALJ. Thus, Plaintiff has not met his burden to establish that there exists good cause as to why the evidence in question was not presented to the ALJ. *See*, *e.g.*, *Hollon ex rel. v. Commissioner of Social Security*, 447 F.3d 477, 485 (6th Cir. 2006) ("[a] claimant shows good cause by demonstrating a reasonable justification for the failure to acquire and present the evidence for inclusion in the hearing before the ALJ"). Even if the Court overlooks Plaintiff's failure to establish good cause, the Court is not persuaded that the evidence in question is material. *See Sizemore v. Secretary of Health and Human Serv's*, 865 F.2d 709, 711 (6th Cir. 1988) (to satisfy the materiality requirement, Plaintiff must show that there exists a reasonable probability that the Commissioner would have reached a

12

different result if presented with the new evidence). Accordingly, the Court is precluded from considering the evidence in question and, furthermore, there exists no basis for remanding this matter for its further consideration.

## **CONCLUSION**

For the reasons articulated herein, the undersigned concludes that the ALJ's decision adheres to the proper legal standards and is supported by substantial evidence. Accordingly, it is recommended that the Commissioner's decision be **affirmed**.

OBJECTIONS to this report and recommendation must be filed with the Clerk of Court within fourteen (14) days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within such time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

Respectfully submitted,

Date: June 6, 2014         /s/ Ellen S. Carmody
                           ELLEN S. CARMODY
                           United States Magistrate Judge